UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>MARIO APARICIO-RAMIREZ,<br>    Defendant. | CRIMINAL ACTION NO. 5:13-97-KKC<br><br><br><u>MEMORANDUM<br>OPINION AND ORDER</u> |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Mario Aparicio-Ramirez's request for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines. The amendment reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses.

The Defendant pleaded guilty to one count of conspiring to distribute Oxycodone. (DE 182). On January 9, 2015, this Court sentenced Defendant to a term of 66 months imprisonment. (DE 342). Defendant's admitted offense involves the distribution of more than 10,000, but less than 15,000 oxycodone 30 mg pills. These quantities have a marijuana equivalency of at least 2,010, but less than 3,015 kilograms. The upper end of this range qualified Defendant for a base offense level of 32 under U.S.S.G. § 2D1.1(c)(4). However, this Court applied the rule of lenity and calculated Defendant's sentence using a base offense level of 30—corresponding to marijuana equivalency of not less than 1,000 kilograms, but less than 3,000 kilograms. U.S.S.G. § 2D1.1(c)(4), (DE 587 at 12). The Court also approved the government's three level reduction recommendation for acceptance of

responsibility pursuant to U.S.S.G. § 3E1.1, based upon Defendant's entering a plea of guilty. Finally, from an offense level of 27, Defendant's criminal history category of III and the corresponding guideline range of 87–108 months this Court granted an additional 21 month downward variance to 66 months based on Defendant's role in the offense, criminal history, and to avoid unwarranted sentencing disparities among defendants. 18 U.S.C. § 3553(a).

This Court will deny Defendant's request both because it is not clear that Defendant is eligible for a reduction under Amendment 782 and also because the § 3553(a) factors would support Defendant's original sentence even if he were eligible. The relevant policy statement, U.S.S.G. § 1B1.10, provides for sentence reduction eligibility for cases "in which a defendant is serving a term of imprisonment, and the guideline range *applicable to that defendant* has subsequently been lowered as a result of an amendment to the Guidelines Manual." "In other words, a defendant is not eligible for a reduction of sentence under § 3582(c)(2) unless (1) his sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, § 3582(c)(2), and (2) the amendment on which he relies has the effect of lowering the defendant's applicable guideline range." *United States v. Johnson*, 570 F. App'x 560, 563 (6th Cir.) *cert. denied*, 135 S. Ct. 491, 190 L. Ed. 2d 370 (2014) (internal citations and quotation marks omitted). As stated above, Defendant pleaded guilty to conduct that made a guideline range of 108–135 months applicable to him—assuming a base offense level of 32 and a three level reduction for acceptance of responsibility. However, this Court applied the rule of lenity to reach a base offense level of 27, the same level that would be applicable had the rule not been applied and defendant were sentenced under the amended guideline range.

2

However, it may be necessary for this Court to construe its application of the rule of lenity as creating a lower "applicable" guideline range for the Defendant under § 1B1.10, given that statement's directive to "leave all other guideline application decisions unaffected." Nonetheless, this Court would still be required to consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(2). Assuming Defendant's amended guideline range were 70–87 months this Court would hold that a downward departure of four months, as reflected by Defendant's current 66 month sentence, is appropriate given the nature and circumstances of the offense, to insure adequate deterrence, and to avoid unwarranted sentencing disparities among defendants. 18 U.S.C. § 3553(a)

Accordingly, **IT IS ORDERED** that Defendant's motion for sentence reduction (DE 640) is **DENIED**.

Dated April 5, 2016.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3