UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>V.<br><br>MARIO APARICIO-RAMIREZ,<br><br>     Defendant. | CRIMINAL ACTION NO. 5:13-97-KKC<br><br><br>**MEMORANDUM<br>OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Mario Aparicio-Ramirez's *pro se* motion for reconsideration of his sentence. (DE 650.) Defendant asserts various grounds for a modification or reduction, all of which are meritless. Therefore, the Court will deny Defendant's motion.

The Defendant pleaded guilty to one count of conspiring to distribute Oxycodone. (DE 182). On January 9, 2015, this Court sentenced Defendant to a term of 66 months imprisonment. (DE 342). Defendant's admitted offense involves the distribution of more than 10,000, but less than 15,000 oxycodone 30 mg pills. These quantities have a marijuana equivalency of at least 2,010, but less than 3,015 kilograms, the upper end of this range qualified Defendant for a base offense level of 32 under U.S.S.G. § 2D1.1(c)(4). However, this Court applied the rule of lenity and calculated Defendant's sentence using a base offense level of 30—corresponding to marijuana equivalency of not less than 1,000 kilograms, but less than 3,000 kilograms. U.S.S.G. § 2D1.1(c)(4), (DE 587 at 12). The Court also approved the Government's three level reduction recommendation for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, based upon Defendant's entering a plea of

guilty. Finally, from an offense level of 27, Defendant's criminal history category of III and the corresponding guideline range of 87–108 months this Court granted an additional 21 month downward variance to 66 months based on Defendant's role in the offense, criminal history, and to avoid unwarranted sentencing disparities among defendants. 18 U.S.C. § 3553(a).

Defendant asserts that because he is an alien he is (1) denied the opportunity for a sentence reduction pursuant to a fast-track program, (2) categorically deprived of the opportunity to serve a portion of his sentence in a halfway house, (3) and denied a possible one year sentence reduction resulting from participation in a drug rehabilitation program. (DE 650 at 3–4.) Defendant suggests that these facts create a disparity between his sentence and that of similarly situated individuals that is inconsistent with 18 U.S.C. § 3553(a)(6). 18 U.S.C. § 3553(a)(6) (directing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

Defendant also makes reference to the Supreme Court's recent decision in *United States v. Johnson*, however, because Defendant was not sentenced pursuant to the Armed Career Criminal Act's residual clause, that decision is irrelevant to Defendant's motion. *See generally Johnson v. United States*, 135 S. Ct. 2551, 2555 (2015). Furthermore, although Section 3553(a)(6) is "one factor district courts must consider in determining an appropriate sentence," it does not provide a basis for a sentence *modification*. *United States v. Hernandez-Fierros*, 453 F.3d 309, 313 (6th Cir. 2006). The grounds for modifying an imposed sentence are limited by 18 U.S.C. § 3582, which provides that:

> The court may not modify a term of imprisonment once it has been imposed except that, (1) in any case, (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, and (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]

18 U.S.C. § 3582(c). Here, the Bureau of Prisons ("BOP") has not moved for a reduction; Defendant has not moved under a statute that expressly permits modification or Rule 35 of the Federal Rules of Criminal Procedure; and the Sentencing Commission has not subsequently lowered the sentencing range for the crimes that Defendant was convicted of. Even if Section 3553(a) provided for sentence modification, or if this Court were to construe Defendant's motion as a petition for habeas relief[1] it would be denied because the Court remains convinced its original sentence was reasonable under the statutory factors.

Defendant's references to "fast-track" programs are irrelevant to his Section 3553 (a)(6) claim. Fast-track programs have evolved in certain districts to expedite processing of *illegal reentry* cases. *Hernandez-Fierros*, 453 F.3d at 310–11. Defendant was not sentenced for illegal reentry; consequently, the availability of such programs for such offenders does not, and could not, create a disparity between Defendant's sentence and sentences for individuals found guilty of *similar* conduct.

Similarly, this Court is not persuaded that Defendant's ineligibility for halfway house placement leaves his sentence unreasonable. 18 U.S.C. § 3624(c) directs the BOP to

---

[1] "A document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted).

make halfway house placements only "to the extent practicable." Congress has explicitly eliminated any role for sentencing Courts in placement decisions. 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section."). This clear demarcation clarifies that any disparity in placement does not equate to a sentencing disparity.

Finally, Defendant's inability to participate in a drug treatment program that is not offered at his facility does not create a sentencing disparity. At Defendant's sentencing this Court noted that the Bureau of Prisons ("BOP") chooses Defendant's place of incarceration and Defendant's attorney recognized the possibility that certain drug treatment programs might not be available at all BOP facilities. (DE 650-1.) Defendant has offered no evidence that his sentence is inconsistent with other similarly situated individuals, nor has he shown that his sentence is otherwise inconsistent with any of the 18 U.S.C. § 3553(a) factors.

Accordingly, **IT IS ORDERED** that Defendant's motion for sentence reconsideration (DE 650) is **DENIED**.

Dated June 23, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY