UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL ACTION NO. 5:13-97-KKC** |
| Plaintiff, | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| **MARIO APARICIO-RAMIREZ,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Mario Aparicio-Ramirez's second and third motions for reconsideration of his sentence. (DE 659; DE 660). Defendant presents the same grounds for a modification or reduction that this Court previously found meritless in its June 23, 2016, Memorandum Opinion and Order. (DE 652.) Therefore, the Court will deny Defendant's motions.

Despite Defendant's contention that this Court misconstrued his prior motion as one for a sentence reduction pursuant to Amendment 782, this Court clearly stated that:

> Defendant asserts that because he is an alien he is (1) denied the opportunity for a sentence reduction pursuant to a fast-track program, (2) categorically deprived of the opportunity to serve a portion of his sentence in a halfway house, (3) and denied a possible one year sentence reduction resulting from participation in a drug rehabilitation program. (DE 650 at 3–4.) Defendant suggests that these facts create a disparity between his sentence and that of similarly situated individuals that is inconsistent with 18 U.S.C. § 3553(a)(6). 18 U.S.C. § 3553(a)(6) (directing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

(DE 652.)

The Court will reiterate that the grounds for modifying an imposed sentence are limited by 18 U.S.C. § 3582, which provides that:

> The court may not modify a term of imprisonment once it has been imposed except that, (1) in any case, (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, and (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]

18 U.S.C. § 3582(c). Here, as before, the Bureau of Prisons ("BOP") has not moved for a reduction; Defendant has not moved under a statute that expressly permits modification or Rule 35 of the Federal Rules of Criminal Procedure; and the Sentencing Commission has not subsequently lowered the sentencing range for the crimes that Defendant was convicted of.

Given Defendant's repetitious filings the Court will direct the Clerk of Court not to docket any additional motions for reconsideration without leave from the Court. As the Supreme Court has stated, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests . . . does not promote that end." *In re McDonald*, 489 U.S. 180, 184 (1989). Defendant is further advised that if he seeks additional consideration of his arguments, now found meritless in three separate motions, he may appeal to the Sixth Circuit Court of Appeals.

Accordingly, **IT IS ORDERED** that:

1. Defendant's second and third motions for sentence reconsideration (DE 659; DE 660) are **DENIED**;

2. Defendant **SHALL NOT** file any additional motions for reconsideration in this matter without prior express leave from the Court. If Defendant desires leave to file a motion, he shall submit a motion titled "Motion for Leave to File" and describe the nature of his proposed motion or pleading.

Dated August 11, 2016.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY